UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
BENNETT ROTHCHILD,

                Petitioner,

      -against-                                      07 Civ. 1943 (LAK)

MADISON SQUARE GARDEN, L.P., and LOCAL
100-HOTEL EMPLOYEES AND RESTAURANT
EMPLOYEES UNION, AFL-CIO,

                Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

Appearances:

        Raymond Schwartzberg
        Steven I. Brizel
        RAYMOND SCHWARTZBERG & ASSOCIATES, PLLC
        *Attorneys for Petitioner*


        Shelby A. Silverman
        Kenneth A. Margolis
        KAUFF MCCLAIN & MCGUIRE LLP
        *Attorneys for Respondent Madison Square Garden, L.P.*


        Amada Pichardo
        UNITE HERE LOCAL 100

        David M. Slutsky
        LEVY RATNER, P.C.
        *Attorneys for Respondent UNITE HERE Local 100*

LEWIS A. KAPLAN, *District Judge.*

Petitioner commenced this action in state court for an order compelling respondent Madison Square Garden, L.P. ("MSG") to arbitrate or to afford him a so-called "fair hearing" in connection with his discharge. Respondents removed and both seek dismissal. Petitioner seeks remand to the state court.

*Facts*

MSG entered into a collective bargaining agreement ("CBA") with the respondent union on October 1, 1995. It foreclosed MSG from terminating or disciplining post-probationary employees without just cause, afforded employees accused of misconduct an opportunity to insist upon a hearing prior to the imposition of discipline, established a grievance procedure, and afforded the union the right to demand arbitration of grievances that were not resolved through earlier steps in the procedure. The CBA, however, expired in 2003 and was not replaced by a new CBA until January 23, 2006. In October and November of 2005, negotiations between the union and MSG were at an impasse.

On October 1, 2005, petitioner, a long-time MSG employee, was given an investigative layoff. He was discharged on November 11, 2005. MSG rejected the union's demand for a fair hearing or arbitration on the ground that the expiration of the CBA had eliminated those rights.

MSG and the union executed a new CBA on January 23, 2006 covering the period June 1, 2003 through May 31, 2007.[1] The new CBA provided, in an addendum entitled "Side Letter 8," that despite this coverage period:

---

1  Silverman Decl. ¶ 2 & Ex. A.

2

"[MSG] continues to reserve the right to refuse, on a case by case basis, to arbitrate any grievance based on facts which arose on and after June 1, 2003 up to the date of this letter, except that it shall not refuse to arbitrate [certain specific cases, not including petitioner's]."[2]

Petitioner commenced this action on or about February 12, 2007.

*Discussion*

I.  *Jurisdiction*

The state court petition by which this action was commenced did not explicitly premise any claim for relief upon federal law. Indeed, it acknowledged that there was no CBA in effect at the relevant time.[3] Respondents nevertheless removed the case on the theory that petitioner had claimed in the state court that MSG and the union had breached the expired CBA.[4] They claimed federal jurisdiction under 28 U.S.C. § 1331 and Section 301 of the Labor Management Relations Act ("LMRA").[5] Petitioner argues that there was no basis for removal because there was no CBA and his claim for relief is based entirely on state law.

In *Derrico v. Sheehan Emergency Hospital*,[6] the Second Circuit held that there was no Section 301 jurisdiction over a claim that, "because the employer and employee continue their

---

2
  *Id.*, Ex. A at 77.

3
  Brizel Aff. (3/22/07), Ex. B ¶¶ 11-14.

4
  Notice of Removal ¶ 4.

5
  29 U.S.C. § 185.

6
  844 F.2d 22 (2d Cir. 1988).

relationship according to the terms [of the expired CBA], their conduct gives rise to an implied contract of employment under state law," even where "the 'implied' term . . . is identical to its forebear from the CBA."[7]  *Derrico* emphasized two points in drawing this conclusion.  First, all parties agreed that the CBA had expired, and "[w]hen a complaint alleges a claim based on events occurring after the expiration of a collective bargaining agreement, . . . section 301 cannot provide a basis for jurisdiction."[8]  Second, the plaintiff claimed that the implied contract existed between individual employees and the company, as opposed to the union and the company.  *Derrico* noted that "we know of no case holding that a contract between an employer and an *individual* employee falls under section 301."[9]

Here, as in *Derrico*, all parties agree that the relevant events occurred after the expiration of the CBA.  The critical question is whether petitioner's state law implied contract claim alleges a contract between himself and MSG or between the union and MSG.  Petitioner's papers are not a model of clarity, but a fair reading suggests that he pleads both claims.

Indications that petitioner pleads a claim based on an implied contract between petitioner and MSG are found in petitioner's characterization of the state law supporting his claim: "New York Courts have always held that when a contract expires, and an employee continues to render the same services for the employer without entering into a new contract, then it will be presumed that he or she is serving under a new contract having the same terms, provisions and

---

[7] *Id.* at 25-26.

[8] *Id.* at 25.

[9] *Id.* at 26 (emphasis in original).

restrictions that performed an essential part of the original contract."[10]  Similarly, petitioner argues that "[w]hile the contract had expired between MSG and the union, the petitioner (and many other MSG employees) continued working for MSG with the expectations that a new contract would be reached that would maintain their salaries and protect their rights and benefits that flowed therefrom."[11]  An argument based on the performance and expectations of individual employees purports to state a claim for an implied contract between employee and employer.  Were this petitioner's only claim, Section 301 would not provide jurisdiction.

Petitioner appears, however, to assert also a claim that an implied contract arose between the union and MSG.  Most notably, petitioner claimed in the papers filed in state court that "the contract that contained a fair hearing and arbitration clause . . . remained in effect despite the existence of a labor/management dispute."[12]  Any such contract, of course, would have been between the union and MSG.  Petitioner claims also that "[t]his action arises [in part] out of . . . the failure of the respondent [union] to request either a fair hearing or arbitration."[13]  Alleging such a failure on the union's part implies an allegation that the union had contractual rights.

The Court concludes that petitioner alleges claims for breaches of implied contracts between himself and MSG and between the union and MSG.  The latter is a "[s]uit[] for violation of

---

[10] Schwartzberg Aff. (2/12/07) ¶ 11.

[11] Pet. Mem. (3/22/07) 2.

[12] Schwartzberg Aff. (2/12/07) ¶ 4.

[13] Brizel Aff. (3/22/07) ¶ 3.

5

[a] contract[] between an employer and a labor organization,"[14] and thus falls within Section 301 jurisdiction.[15] As the case could have been filed originally in federal court, petitioner's motion to remand is denied.

II.     *Preemption of State Law Claims*

Assuming *arguendo* that petitioner states New York law claims for breach of an implied contract between himself and MSG and between the union and MSG, they are preempted.

*Derrico* held that the state law claim asserted in that case – breach of an implied contract between plaintiff and the employer where the terms of the implied contract were identical to terms of the expired CBA – was preempted by federal law. The court concluded that to allow such claims would "artificially limit the parties' post-expiration options" and "significantly affect the collective bargaining process that lies at the heart of the NLRA," thus undermining the statutory structure.[16] The same principles support preemption of petitioner's state law claim based on an implied contract between the union and MSG[17] – indeed, "when a state claim alleges a violation of a labor contract, the Supreme Court has held that such claim is preempted by section 301 and must

---

[14]   29 U.S.C. § 185(a).

[15]   *See Flannery Parking Sys., Inc., v. Local 917, Int'l Bhd. of Teamsters*, No. 95 Civ. 9522 (MBM), 1996 WL 403041, at * 2 (S.D.N.Y. July 18, 1996) (finding § 301 jurisdiction where "the dispute concerns the existence of a[n implied] contract between an employer and a union").

[16]   *Derrico*, 844 F.2d at 29.

[17]   *See United Paperworkers Int'l Union, Local 274 v. Champion Int'l Corp.*, 81 F.3d 798, 802 (8th Cir. 1996) ("[A]ny state law claims that the terms of the expired CBA form an 'implied contract' [between the union and employer] are preempted.") (citing *Derrico*).

6

instead be resolved by reference to federal law."[18]

### III. Federal Law Claim

It is unclear whether petitioner asserts also a claim based on federal law. In support of his motion to remand, he strenuously argues that only state law claims are asserted. In opposition to the union's motion to dismiss, however, he argues that "under **both** Federal and New York law[, . . .] a union member may assert a right to arbitration, even and especially after the expiration of a collective bargaining agreement."[19] Assuming *arguendo* that petitioner asserts a claim under federal law, this claim fails.

In *Litton Financial Printing Division v. NLRB*,[20] the Supreme Court held that a post-expiration grievance is arbitrable only if it "arises under" the expired CBA. Such a dispute "arises under" an expired agreement only:

> "where it involves facts and occurrences that arose before the expiration, where an action taken after expiration infringes a right that accrued or vested under the agreement, or where, under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement."[21]

In this case, all of the events connected with petitioner's discipline and termination occurred long after the expiration of the first CBA. There was no infringement of any right that accrued or vested during the term of that CBA. Petitioner does not argue that the CBA provision was intended to apply

---

18 *Vera v. Saks & Co.*, 335 F.3d 109, 114 (2d Cir. 2003).

19 Pet. Mem. (4/12/07) 2 (emphasis in original).

20 501 U.S. 190 (1991).

21 *Id.* at 205-06.

7

post-expiration – indeed, he repeatedly alleges that no CBA was in effect at the relevant time. Nor do the provisions themselves give any indication that they would survive the CBA's expiration.[22]

Petitioner's argument that the parties formed an independent implied-in-fact contract is similarly unpersuasive, as he has alleged no facts from which one might conclude that the parties formed such an agreement. This conclusion is supported by the side letter to the 2006 contract in which MSG expressly reserved its right to refuse to arbitrate grievances arising during the period after the prior contract expired. Although petitioner makes much of the fact that this side letter preserved arbitration rights for certain cases arising during the uncovered period, this fact simply reinforces the lack of a blanket contractual right to arbitration. Although petitioner suggests that the union may have breached a duty owed him by failing to push harder for his claim,[23] that does not save his argument that he had a contractual right to arbitration at the time of his discharge.

In any event, petitioner's federal law claims are time-barred. The statute of limitations for "hybrid" claims, which allege both breach of contract by the employer and breach of the duty of fair representation by the union, is six months.[24] The relevant events had all taken place by the end

---

[22] *See CPR v. Spray*, 187 F.3d 245, 255 (2d Cir. 1999) (district court, not arbitrator, properly determines whether parties agreed to arbitrate post-expiration disputes).

[23] *See* Pet. Mem. (4/12/07) 2-5.

[24] *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983).

Although petitioner asserts that he does not pursue a claim against the union, *see* Brizel Aff. (3/28/07) ¶ 7, "[t]he law is clear that . . . a hybrid claim is presented if an employee has a cause of action against both the employer and the union, where the two claims are inextricably linked, and where the case to be proved is the same against both." *McKee v. Transco Prods., Inc.*, 874 F.2d 83, 86 (2d Cir. 1989). Petitioner presents such a claim. *See* Brizel Aff. (3/22/07) ¶ 3 ("This action arises out of [MSG's termination of petitioner] . . . and the failure of the respondent Docent [union] to request either a fair hearing or arbitration.").

of 2005. Petitioner did not file this action until over a year later.[25]

*Conclusion*

For the foregoing reasons, (1) petitioner's motion to remand [docket item 12] is denied, (2) MSG's motion for judgment on the pleadings dismissing the petition [docket item 8] is granted, and (3) Local 100's motion to dismiss the petition [docket item 21] is granted.

SO ORDERED.

Dated:      May 8, 2007

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[25] Since the Court grants the motions to dismiss on these grounds, it need not decide respondents' alternative arguments that petitioner lacks standing to bring his claim.